IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE A. STYLES, : | |
|     Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 09-2412 |
| JOHN PALAKOVICH, et al., : | |
|     Respondents. : | |

**O R D E R**

AND NOW, this 2d day of December, 2009, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 8), the Report and Recommendation of the Magistrate Judge (Doc. No. 10), Petitioner's Objection to the Report and Recommendation (Doc. No. 11), Respondent's Response to Petitioner's Objection (Doc. No. 12), and all related submissions, it is hereby **ORDERED and DECREED:**

    1.    Petitioner's Objection to the Report and Recommendation is **OVERRULED**;

    2.    The Report and Recommendation is **APPROVED** and **ADOPTED**;

    3.    The Petition for a Writ of Habeas Corpus is **DENIED**;

    4.    There is no basis for the issuance of a certificate of appealability; and

    5.    The Clerk of the Court shall close this matter for statistical purposes.

## BACKGROUND

On January 3, 2000, Petitioner Maurice Styles pled guilty in state court to rape, robbery, possessing an instrument of crime, attempted involuntary deviate sexual intercourse, failure to register as a sex offender, and aggravated assault. Commonwealth v. Styles, 812 A.2d 1277, 1278 (Pa. Super. 2002). On March 23, 2000, Petitioner was sentenced to the statutory maximum term of 56 to 112 years imprisonment. Id.

Petitioner appealed the sentence, arguing that the court did not refer to the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing as required by statute. See 42 Pa. Cons. Stat. § 9721(b) (2008). The Pennsylvania Superior Court remanded the case for resentencing. Styles, 812 A.2d at 1279. On March 25, 2003, the state court resentenced Petitioner to the same sentence, 56 to 112 years. The judge explained that he believed the maximum sentence was appropriate because of the brutality of Petitioner's crimes, because Petitioner's victims were severely injured by the deadly weapons he used to commit those crimes, and because of Petitioner's prior conviction for rape. See Doc. No. 8, Ex. C at 24-26. On June 29, 2006, the Pennsylvania Superior Court affirmed the sentence. Commonwealth v. Styles, 905 A.2d 1049 (Pa. Super. Ct. 2005). On February 14, 2007, the Pennsylvania Supreme Court denied *allocatur*. Commonwealth v. Styles, 917 A.2d 314 (Pa. 2008).

On June 15, 2007, Petitioner sought relief *pro se* pursuant to the Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, et. seq. On January 9, 2009, the PCRA Court denied the petition. (Id. at 2.) Petitioner did not appeal that ruling. (Id.)

On September 28, 2007, Mr. Styles, acting *pro se*, filed a Petition for habeas relief in the Middle District of Pennsylvania. 28 U.S.C. § 2254 (2008). The case was transferred to this

Court on October 4, 2007.  See Case No. 07-4175.  On April 19, 2008, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied.  See Doc. No. 11, Case No. 07-4175.  Petitioner did not file objections.  On May 22, 2008, then-Judge Kauffman (to whom the matter was originally assigned) issued an Order adopting the Magistrate's Report.  See Doc. No. 12, Case No. 07-4175.  Petitioner did not appeal that ruling.

On May 27, 2009, Petitioner, again acting *pro se*, began the instant action by filing his second petition for habeas relief in this Court.  28 U.S.C. § 2254 (2008).  On September 30, 2009, the Magistrate Judge issued his Report, recommending that I deny the Petition.  (Doc. No. 10.)  Petitioner filed an Objection to the Report on October 16, 2009.  (Doc. No. 13.)  Respondent filed a Response to Petitioner's Objection on October 30, 2009.

## STANDARD OF REVIEW

The extent of my review of a Magistrate's report is committed entirely to my discretion.  See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## PETITIONER'S OBJECTION TO THE REPORT AND RECOMMENDATION

In his Objection, Petitioner simply restates an argument that the Magistrate Judge considered and rejected.  To the extent he actually addresses the Report and Recommendation,

3

his "objection" is extremely general. Accordingly, I need not review *de novo* those portions of the Report and Recommendation to which this objection is apparently directed. See Goney, 749 F.2d at 7 (*de novo* review not required where objections are "clearly general in nature"). Because Petitioner is proceeding *pro se*, however, I will construe his objections as liberally as I reasonably can. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Petitioner restates his argument that the state court judge relied on exaggerated and erroneous facts in imposing the sentence. (Doc. No. 11 at 2.) Petitioner suggests that "the difference between the facts of the case and the embellished version are gigantic," contending that the victim the judge said he stabbed had actually hit her head on the ground, and that she was in her 30s, rather than 17. (Doc. No. 11 at 2, 3.)

The Magistrate Judge rejected this argument, denying habeas relief because Petitioner did not allege a violation of federal law. See Geschwendt v. Ryan, 967 F.2d 877, 889 (3d Cir. 1992) ("The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.") See also Knight v. Beyer, Civ. No. 88-3180, 1989 WL 68618, *6 (E.D. Pa. June 22, 1989) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1988)) ("Absent some constitutional violation, it is clear that, particularly in the area of state sentencing guidelines, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure."). The Magistrate also noted that state court findings of fact are presumed correct unless the Petitioner rebuts the presumption with clear and convincing evidence. See 28 U.SC. § 2254(e)(1) (2008). Petitioner does not challenge this analysis, nor has he offered any evidence to contradict the state court findings. Accordingly, I overrule this Objection.

## **CONCLUSION**

Upon careful consideration of the Magistrate Judge's Report and Recommendation, Petitioner's Objection, Respondent's Response, and all related submissions, I overrule the Objection and accept and adopt the Magistrate Judge's Report and Recommendation.

AND IT IS SO ORDERED.

*/s/ Paul S. Diamond*

**Paul S. Diamond, J.**